**ZENG–XIA ZHENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,[1] Respondent.**

No. 08–5494–ag.

United States Court of Appeals, Second Circuit.

Sept. 4, 2009.

Michael Brown, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Cindy S. Ferrier, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for for-

mer Attorney General Michael B. Mukasey as respondent in this case.

PRESENT: DENNIS JACOBS, Chief Judge, ROBERT A. KATZMANN and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Zeng–Xia Zheng, a native and citizen of China, seeks review of an October 31, 2008 order of the BIA affirming the August 1, 2007 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zeng–Xia Zheng,* No. A094 797 542 (B.I.A. Oct. 31, 2008), *aff'g* No. A094 797 542 (Immig. Ct. N.Y. City Aug. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions. *See Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

An applicant's credible testimony alone may suffice to carry his burden of proof in establishing eligibility for asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Diallo v. INS,* 232 F.3d 279, 285–86 (2d Cir.2000). In this case, however, the IJ denied that relief after finding that Zheng failed to adequately corroborate material elements

of her claim. Under the REAL ID Act amendments, which apply to Zheng's application for relief, *see Matter of S–B–,* 24 I. & N. Dec. 42, 45 (B.I.A.2006), "[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence," *see* 8 U.S.C. § 1158(b)(1)(B)(ii). In addition, "[n]o court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence ... unless the court finds ... that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

Here, the agency properly found that Zheng's corroborating evidence failed to meet her burden of proof. Indeed, the agency properly noted that she failed to corroborate her practice of Falun Gong in the U.S. as well as the Chinese authorities' continued interest in her.[2]

Zheng argues that it was error for the agency to find that her mother's affidavit did not support her testimony that: (1) authorities visited her parents' home looking for her after her escape and (2) continued to visit weekly thereafter. Zheng contends that her mother's statement that "the local government pursued her everywhere because she practiced Falun Gong" adequately corroborates her claim. However, this explanation would not compel a reasonable factfinder to conclude that the agency erred. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

**2.** Zheng does not acknowledge the changes that the REAL ID Act worked to the standards for reviewing corroboration findings, and cites only pre-REAL ID Act caselaw. Moreover, Zheng does not allege error in the agency's finding regarding her corroborating evidence, and incorrectly contends that the agency rendered an adverse credibility find-

ing—even in the face of explicit statements by both the IJ and the BIA that Zheng was credible. In this respect, Zheng has come perilously close to waiving any challenge to the agency's denial of relief. Nonetheless, because Zheng challenges the agency's reliance on the deficiencies in her documentary evidence, we consider her petition for review.

Similarly, the agency did not err in finding that Zheng failed to adequately corroborate her participation in Falun Gong in the United States. Specifically, the agency noted that, while Zheng provided testimony from a friend in the U.S. who allegedly saw her practicing Falun Gong in the park, her friend did not know what the practice of Falun Gong looked like, and based her testimony on the statements of others. While Zheng argues that her friend did indeed witness her practicing Falun Gong, her argument is not sufficiently compelling to suggest error in the agency's decision. *See id.*

Finally, the agency did not err in according little weight to the letter Zheng alleged was from her employer. *See Xiao Ji Chen v. U.S. Dep't Of Justice,* 471 F.3d 315, 342 (2d Cir.2006). Zheng argues that her employer's letter was not deficient because, although it was unsigned, "other discernable features on the said letter would equally establish the reliability of the document at issue," including "the official stamp of the factory" and the "official stationary of the factory." However, the weight accorded to evidence is left largely in the hands of the IJ, and we see no reason to disturb this finding. *See id.*

Ultimately, substantial evidence supports the agency's finding that Zheng failed to adequately corroborate her claim. *See Corovic,* 519 F.3d at 95. Thus, the agency properly found that she failed to meet her burden of establishing eligibility for asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Because Zheng was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Finally, as the Government notes, Zheng failed to challenge the denial of her application for CAT relief in her brief to the BIA or to this Court. As a result, we deem this claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.